**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| NAACP VIRGINIA STATE CONFERENCE,<br><br>Plaintiff,<br><br>v.<br><br>JOHN O'BANNON, ROSALYN R. DANCE, GEORGIA ALVIS-LONG, CHRISTOPHER STOLLE, J. CHAPMAN PETERSEN in their official capacities as members of the Virginia State Board of Elections, SUSAN BEALS, in her official capacity as Virginia Commissioner of Elections; RICK MICHAEL, DOROTHY JAECKLE, LYNETTE CLEMENTS, in their official capacities as members of the Chesterfield County Electoral Board, MISSY VERA, in her official capacity as General Registrar and Director of Elections of Chesterfield County; KATHERINE K. HANLEY, KEVIN R. PINKNEY, JEFFREY K. SHAPIRO in their official capacities as members of the Fairfax County Electoral Board; ERIC L. SPICER, in his official capacity as the General Registrar and Director of Elections of Fairfax County; REBECCA WINN, THOMAS HARMON IV, and MATTHEW SCOTT in their official capacities as members of the Hampton Electoral Board; TARA MORGAN, in her official capacity as General Registrar and Director of Elections of the City of Hampton; BILL CALL, JANE GRANT BURNER, RAMONA SANDERS, in their official capacities as members of the City of Harrisonburg Electoral Board, MARK FINKS, in his official capacity as General Registrar and Director of Elections of the City of Harrisonburg; ATOY B. CARRINGTON, MARIANNE T. MCKAY, H. MICHAEL ZIEGENFUSS, in their official capacities as members of the City of Norfolk Electoral Board, STEPHANIE ILES, in her official capacity as Director of Elections and General Registrar of | **Civil Action No.: 25-1937**<br><br>**COMPLAINT** |

the City of Norfolk; C. STARLET STEVENS,
KATHERINE MAXWELL and JOYCE K.
SMITH in their official capacities as members
of the City of Richmond Electoral Board; and
DAVID LEVINE, in his official capacity as the
General Registrar and Director of Elections of
the City of Richmond,

Defendants.

# COMPLAINT

Plaintiff NAACP Virginia State Conference brings this action against Susan Beals, in her official capacity as Virginia Commissioner of Elections, the Virginia State Board of Elections Members, in their official capacities, and the registrars and members of the boards of elections in Chesterfield and Fairfax County and the cities of Hampton, Harrisonburg, Norfolk and Richmond, in their official capacities, and alleges the following:

## PRELIMINARY STATEMENT

1.      The right to vote is fundamental and foundational to American democracy.  Every eligible citizen of voting age residing in Virginia has the right to vote.  On too many college and university campuses in Virginia, however, the right to vote requires that a student jump through hoops such as providing a college dormitory name, a dorm room, a campus mailing address, and/or mail box number, none of which has any relevance to the student's eligibility to vote, none of which is asked for or even referenced on Virginia's voter registration application, and none of which serves any material purpose in the voter registration process.

2.      This lawsuit seeks declaratory and injunctive relief to stop Defendants from unlawfully rejecting voter registration applications and same day registration provisional ballots completed by otherwise eligible college students who provide a valid campus address but not a

dormitory name, dorm room, campus mailing address, and/or mail box number.  An application cannot be denied because a student residing on a Virginia campus does not include that information in addition to an otherwise valid campus address.

3.      Defendants' actions—including the rejection of innumerable voter registration applications completed by students who live on campus at George Mason University, Hampton University, James Madison University, Norfolk State University, Old Dominion University, University of Richmond, Virginia Commonwealth University, and Virginia State University—including in the weeks before the upcoming November 4, 2025 general election—violate the Materiality Provision of the Civil Rights Act of 1964, 52 U.S.C. § 10101(2)(B), and the First and Fourteenth Amendments to the U.S. Constitution.

4.      Defendants are rejecting voter registration applications submitted by qualified applicants living on university campuses based on the arbitrary requirement that students furnish information that is immaterial to their eligibility to vote, like their dormitory name, dorm room, campus mailing address, and/or mail box number. The Virginia Administrative Code (VAC) provides, for example, that "no person shall be denied registration for failure to submit a mailing address."  1 VAC 20-40-30(C).  Moreover, a dorm name or room number is neither requested on Virginia voter registration applications nor necessary to establish an applicant's residency when the applicant already has provided a valid campus address.

5.      Unless the Court grants the relief requested herein, Defendants will continue to reject registration applications submitted by voters living on campus for not including a dormitory name, dorm room, campus mailing address, and/or mail box number.  Defendants will also continue to reject provisional ballots cast by students whose same day voter registration applications lack one or more of these pieces of information.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under the United States Constitution and laws of the United States; under 28 U.S.C. §§ 1343(a)(3)-(4) and 1357 because this action seeks equitable and other relief pursuant to an act of Congress providing for the protection of the right to vote; and under 42 U.S.C. §§ 1983 and 1988 because this action seeks to enforce rights and privileges secured by the United States Constitution and laws of the United States.

7.      This Court has authority to issue declaratory and injunctive relief in this action under 28 U.S.C. §§ 2201 and 2202.

8.      This Court has personal jurisdiction over the Defendants, who are sued in their official capacities only.

9.      Venue is proper in the United States District Court for the Eastern District of Virginia under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2), and in this division under Local Civil Rule 3(C), because several Defendants reside in this district and this division and a substantial part of the events that gave rise to Plaintiff's claims occurred in this district.

## PARTIES

10.      Plaintiff NAACP Virginia State Conference is the statewide unit of the NAACP in Virginia.   The NAACP is the nation's largest and one of the oldest civil rights grassroots organizations.   The NAACP Virginia State Conference is a non-profit, non-partisan organization that works to achieve equity, political rights, and social inclusion by advancing policies and practices that expand human and civil rights, eliminate discrimination, and accelerate the well-being, education, and economic security of Black people and all persons of color.   The NAACP Virginia State Conference has thousands of members who live in Virginia, including students at

colleges and universities throughout the commonwealth, including members who are students at: Hampton University, Norfolk State University, Virginia State University, George Mason University, Old Dominion University, University of Richmond, James Madison University, and Virginia Commonwealth University. The NAACP Virginia State Conference brings this action on behalf of its members who are attending and will attend: Hampton University, Norfolk State University, Virginia State University, George Mason University, James Madison University, Old Dominion University, University of Richmond, and Virginia Commonwealth University.

11.    The NAACP Virginia State Conference's active college chapters include: NAACP James Madison University; NAACP Hampton University College Chapter; NAACP Norfolk State University; NAACP Virginia State University; NAACP George Mason University; NAACP Old Dominion University Chapter; NAACP University of Richmond; and NAACP Virginia Commonwealth University Chapter (collectively "NAACP College Chapters").

12.    The NAACP Virginia State Conference advocates for the voting rights of Black people in Virginia.  The NAACP Virginia State Conference registers voters throughout the commonwealth each election cycle.  The NAACP Virginia State Conference also engages in get out the vote efforts, including by educating Black voters in Virginia on different methods of voting, providing educational guides on local candidates to increase voter engagement, eliminating barriers to the ballot box, and assisting voters who experience challenges when they attempt to register and/or vote.

13.    Each NAACP College Chapter has engaged in voter registration efforts this election cycle.  More generally, the NAACP has registered voters, including many college students, in the cities of Richmond, Harrisonburg, Hampton, and Norfolk, and in Chesterfield and Fairfax Counties.

14.    Upon information and belief, Defendants' unlawful rejection practices have and will continue to result in the rejection of voter registration applications completed by individuals registered by the NAACP Virginia State Conference, as well as by applicants who are NAACP members.  The registration requirements challenged here also interfere with the NAACP Virginia State Conference's ability to carry out its mission of increasing voter turnout and participation. Defendants' unlawful rejection practices are causing the NAACP Virginia State Conference to divert resources in this and future elections from its existing voter registration, education, and mobilization efforts towards educating student voters who live on campus about what information is necessary to successfully register, to ensure that those student voters living on campus whose registrations have been denied submit registration applications that will be accepted, including through same-day voter registration.  And, as a result of Defendants' unlawful rejection practices, this election cycle, the NAACP Virginia State Conference is reaching out to and assisting college students at risk of disenfranchisement and engaging in public education, for example by putting out public service announcements through college radio stations and contacting colleges and universities directly to provide guidance and support voters.  In other words, because some of its efforts to register voters have been wasted, and because the NAACP Virginia State Conference must expend additional resources to register and turn out college voters, Defendants' unlawful rejection practices have caused the NAACP Virginia State Conference pecuniary harm and partially thwarted the NAACP Virginia State Conference's institutional mission.

15.    Defendants John O'Bannon, Rosalyn Dance, Georgia Alvis-Long, Christopher Stolle, and J. Chapman Petersen are members of the Virginia State Board of Elections ("State Board").  The State Board is authorized to supervise, coordinate, and adopt regulations governing the work of local electoral boards, registrars, and officers of election.  Va. Code § 24.2-103(A). It is

the duty of the State Board "make rules and regulations and issue instructions and provide information consistent with the election laws to the electoral boards and registrars to promote the proper administration of election laws." *Id*. As part of its duties, the State Board prescribes the appropriate forms and records for the registration of voters which are used throughout the Commonwealth. Va. Code § 24.2-105. Defendants O'Bannon, Dance, Alvis-Long, Stolle, and Petersen are being sued in their official capacities.

16.    Defendant Susan Beals is the Commissioner of Elections for the Virginia Department of Elections ("ELECT"). Defendant Beals is the principal administrative officer of ELECT. Va. Code § 24.2-102. ELECT puts out the August 2025 Handbook as well as information on its website describing what address-related information Virginia college students must provide on their voter registration applications. Defendant Beals is Virginia's chief election officer and is responsible for the coordination of state responsibilities under the National Voter Registration Act. *Id*. § 24.2-404.1. Defendant Beals carries out the statutory responsibilities of the State Board. Defendant Beals is being sued in her official capacity.

17.    Defendants Rebecca Winn, Thomas Harmon IV, and Matthew Scott serve as members of City of Hampton Electoral Board ("Hampton Board" and, with Defendant Morgan ("City of Hampton Defendants"). The Hampton Board administers elections for the City of Hampton and is constituted pursuant to Virginia law. It is responsible for the appointment and the removal of the General Registrar for the City of Hampton. The Hampton Board's duties include the preparation of ballots, the administration of absentee ballot provisions, the conduct of the election and ascertaining the result of the elections. Va. Code § 24.2-109. Defendants Winn, Harmon, and Scott are being sued in their official capacities.

18.     Defendant Tara Morgan is the General Registrar and Director of Elections for the City of Hampton.  Among other duties, Defendant Morgan is responsible for determining whether a voter registration applicant is qualified to vote and for notifying denied voter registration applicants with the reason for the denial in writing. Va. Code § 24.2-114.  Defendant Morgan is being sued in her official capacity.

19.     Defendants Bill Call, Jane Grant Burnder, and Ramona Sanders serve as members of the City of Harrisonburg Electoral Board ("Harrisonburg Board" and, with Defendant Finks, "City of Harrisonburg Defendants").  The Harrisonburg Board administers elections for the City of Harrisonburg and is constituted pursuant to Virginia law.  It is responsible for the appointment and the removal of the General Registrar for the City of Harrisonburg. The Harrisonburg Board's duties include the preparation of ballots, the administration of absentee ballot provisions, the conduct of the election and ascertaining the result of the elections.  Va. Code § 24.2-109. Defendants Call, Burner, and Sanders are being sued in their official capacities.

20.     Defendant Mark Finks is the current General Registrar and Director of Elections for the City of Harrisonburg.  Among other duties, Defendant Finks is responsible for determining whether a voter registration applicant is qualified to vote and for notifying denied voter registration applicants with the reason for the denial in writing.  Va. Code § 24.2-114.  Defendant Finks is being sued in his official capacity.

21.     Defendants Rick Michael, Dorothy Jaeckle, and Lynette Clements serve as members of the Chesterfield County Electoral Board ("Chesterfield Board" and, with Defendant Vera, "Chesterfield County Defendants").  The Chesterfield Board administers elections for Chesterfield County and is constituted pursuant to Virginia law.  The Chesterfield Board's duties include the preparation of ballots, the administration of absentee ballot provisions, the conduct of

the election and ascertaining the result of the elections.  Defendants Michael, Jaeckle, and Clements are being sued in their official capacities.

22.     Defendant Missy Vera is the General Registrar and Director of Elections for Chesterfield County.  Among other duties, Defendant Vera is responsible for determining whether a voter registration applicant is qualified to vote and for notifying denied voter registration applicants with the reason for the denial in writing.  Va. Code § 24.2-114.  Defendant Vera is being sued in her official capacity.

23.     Defendants Katherine Hanley, Kevin Pinkney, and Jeffrey Shapiro serve as members of the Fairfax County Electoral Board ("Fairfax Board" and, with Defendant Spicer, "Fairfax County Defendants").  The Fairfax Board administers elections for Fairfax County and is constituted pursuant to Virginia law. The Fairfax Board's duties include the preparation of ballots, the administration of absentee ballot provisions, the conduct of the election and ascertaining the result of the elections.  Defendants Hanley, Pinkney, and Shapiro are being sued in their official capacities.

24.     Defendant Eric Spicer is the General Registrar and Director of Elections for Fairfax County.  Among other duties, Defendant Spicer is responsible for determining whether a voter registration applicant is qualified to vote and for notifying denied voter registration applicants with the reason for the denial in writing. Va. Code § 24.2-114.  Defendant Spicer is being sued in his official capacity.

25.     Defendants Atoy Carrington, Marianne McKay, and H. Michael Ziegenfuss serve as members of the City of Norfolk Electoral Board ("Norfolk Board" and, with Defendant Iles, "City of Norfolk Defendants").  The Norfolk Board administers elections for the City of Norfolk and is constituted pursuant to Virginia law. The Norfolk Board's duties include the preparation of

ballots, the administration of absentee ballot provisions, the conduct of the election and ascertaining the result of the elections. Defendants Carrington, McKay, and Ziegenfuss are being sued in their official capacities.

26.     Defendant Stephanie Iles is the General Registrar and Director of Elections for the City of Norfolk. Among other duties, Defendant Iles is responsible for determining whether a voter registration applicant is qualified to vote and for notifying denied voter registration applicants with the reason for the denial in writing. Va. Code § 24.2-114. Defendant Iles is being sued in her official capacity.

27.     Defendants C. Starlet Stevens, Katherine Maxwell, and Joyce Smith serve as members of the City of Richmond Electoral Board ("Norfolk Board" and, with Defendant Levine, "City of Richmond Defendants"). The Richmond Board administers elections for the City of Richmond and is constituted pursuant to Virginia law. The Richmond Board's duties include the preparation of ballots, the administration of absentee ballot provisions, the conduct of the election and ascertaining the result of the elections. Defendants Stevens, Maxwell, and Smith are being sued in their official capacities.

28.     Defendant David Levine (and, with Defendants Iles, Spicer, Vera, Finks, and Morgan, "Local Defendants") is the General Registrar and Director of Elections for the City of Richmond. Among other duties, Defendant Levine is responsible for determining whether a voter registration applicant is qualified to vote and for notifying denied voter registration applicants with the reason for the denial in writing. Va. Code § 24.2-114. Defendant Levine is being sued in his official capacity.

## FACTUAL ALLEGATIONS

### A.  Voter Registration Qualifications and Methods in Virginia

29.    To be qualified to register to vote under the Virginia Constitution, one must be a citizen of the United States; eighteen years of age; a resident of Virginia and of the precinct where they vote; not have been convicted of a disqualifying felony or, if so, have had their rights restored; and not have been adjudicated mentally incompetent.  *See* Va. Const. Art. II, § 1; *see also* Va. Code §§ 24.2-101, 24.2 -400.

30.    Virginians are required to provide a residential address when they register to vote.

31.    The Virginia Administrative Code (VAC) provides that "[r]esidency shall be broadly construed to provide the greatest opportunity to register and to vote."  1 VAC 20-40-30(A).

32.    The VAC further provides that "[n]o presumption in favor of or against residence may arise merely on the basis of a person's presence or absence in" a variety of circumstances.  1 VAC 20-40-30(B).  "Residing in any housing commonly occupied by students" is one such category, alongside others including military service on behalf of the United States or Virginia and being confined to "a nursing home, hospital, rehabilitation or short term care facility, retirement or veterans' home."  *Id*.

33.    The VAC provides that "if a person resides in an area lacking a specific mailing address, the general registrar shall ask him to provide a mailing address along with a description indicating where the person resides.  However, **no person shall be denied registration for failure to submit a mailing address.**"  1 VAC 20-40-30(C) (emphasis added).

34.    The voter registration deadline for Virginia primary and general elections is 11 days before Election Day.  Virginians must register to vote before this deadline to vote a regular ballot

in person during early voting or at the polling location on Election Day or to apply for and vote by mail.

35.    A voter who is not registered by the registration deadline may still vote using Virginia's same day registration process during early voting and in person on Election Day.  Under the same day voter registration process, the voter fills out a form with the same information as the voter registration application and then is provided a provisional ballot. The provisional ballot will be counted if the information on the voter registration application is approved by the registrar and is otherwise complete.  Va. Code § 24.2-420.1.

**B. State Defendants' Procedures and Guidance on Registration Applications Submitted by College Students Living on Campus**

36.    Defendant State Board prescribes and approves the standard forms for voter registration and elections, and supervises, coordinates, and adopts regulations governing the work of local electoral boards, registrars, and officers of election.  Va. Code § 24.2-418.

37.    Pursuant to Virginia law, a voter must provide their residential address on their voter registration application.    On Virginia's voter registration application,[1] no specific

---

[1] Accessible on State Board website at  https://www.elections.virginia.gov/registration/how-to-register and also at https://www.elections.virginia.gov/registration/voter-forms.

instructions are provided for college students in filling out the address field:

**Virginia Voter Registration Application**                                         Use blue or black ink

*Starred (\*) items are required.  If you do not complete all of the items that are marked with \*, your application may be denied  (See instructions on reverse side).*

**1.**
☐ YES ☐ NO         \* Full social          ☐☐☐-☐☐-☐☐☐☐        \* Date of   ☐☐/☐☐/☐☐☐☐        \* Gender _____
\* I am a citizen of the    security                                     birth   MM   DD    YYYY
United States of America.   number ☐ No SSN was ever issued.

**2.**  \* Last name _____   Jr.  Sr.  II  III  IV  *(Circle if applicable)*
                                                                                                ☐ None
       \* First name _____   \* Middle name _____
       \* Residence address *(May not be a P.O. Box)* _____   Apt # _____
       \* City/Town _____   \* ZIP _____
       E-mail _____   Phone ☐☐☐-☐☐☐-☐☐☐☐

38.     Neither the Virginia voter registration form nor the federal voter registration form include any instructions informing students that they must provide their dormitory name, dorm room, campus mailing address, and/or mail box number on the residence address section of the form to avoid having their application rejected.[2]

39.     To the contrary, the application expressly provides what information is required: "Starred (\*) items are required. If you do not complete all of the items that are marked with \*, your application may be denied (*See instructions on reverse side*)."  As to addresses, the reverse side of the application provides only: "You must provide a street address or a description of where you live as a residence address. As required by the Code of Virginia, you may provide a mailing address in Box 4 if: (1) your residence address cannot receive mail; (2) you are homeless; (3) you are an

40.     overseas citizen; or (4) you are a uniformed service member, or qualifying spouse or dependent. Qualified protected voters must provide a Virginia post office box in Box 4 to

---

[2] *See* form linked and online voter registration form on defendant State Board website at https://www.elections.virginia.gov/registration/how-to-register; *see also* U.S. Election Assistance Commission, *Register to Vote in Your State by Using This Postcard Form and Guide*, https://www.eac.gov/sites/default/files/eac_assets/1/6/Federal_Voter_Registration_ENG.pdf

receive protected voter status. No other applicant can list a mailing address."  In short, the application on its face does not indicate that a dormitory name, dorm room number, or other information particular to a college/university campus is required.

41.    Under the Virginia Administrative Code, the test for determining residency is whether the registrar can ascertain the physical residence of the voter only to the extent necessary to "allow the general registrar to place the [residence] in a defined precinct."  *See* 1 VAC 20-40-40(C) (further instructing registrars that they may deny registrations only when they are  "unable to determine the applicant's residency through any other means")

42.    Chapter 6 of ELECT's August 2025 Handbook, which is an authoritative source of election information for Virginia election officials on various topics including voter registration, provides that "[c]ollege students living on campus **should list their dorm address as their residential address** to ensure accurate registration and precinct assignment" (emphasis added). Exhibit 1 at 9.[3]

43.    ELECT's website (and, together with the 2025 Handbook, "ELECT Guidance") provides information for college students interested in registering to vote. The website specifically states that: "A dormitory or college address can be an acceptable residential address and does not disqualify you from voting.  If your local voter registration office is unable to determine your physical residency based on a college address you provided on your voter registration application, the local voter registration office will contact you to request further information needed to register you to vote."

---

[3] The full Handbook is available at:
https://www.elections.virginia.gov/media/grebhandbook/2025-updates/6_Voter_-Registration_2025_en.pdf.

44.     This online guidance does not explicitly instruct students that they must provide their dormitory name, dorm number, campus mailing address, and/or mail box number on their voter registration application.

45.     Any guidance that purports to *require* the name of a student's dormitory name, dorm number, campus mailing address, and/or mail box number on their voter registration application would be contrary to law.

46.     At a hearing of the Virginia House Committee on Privileges & Elections on August 18, 2025, Defendant Beals was asked why college student constituents had been reporting that their registration applications were being rejected for address-related deficiencies such as the absence of dorm room information.  Contrary to Virginia Administrative Code and the ELECT Guidance, Beals responded that "it is critical that we have their address, their mail box number. We can't just have a road address of a building . . . ."[4]

---

[4] The recording of the August 18, 2025 House Privileges & Election Committee hearing is accessible here: https://virginiageneralassembly.gov/house/committees/commstream.html.

47.     In fact, the "road address of a building" is legally sufficient.  Under Virginia law, information regarding residence is only necessary to determine a voter's precinct.  *See* 1 VAC 20-40-40(C) (instructing registrars that they may deny registrations only when they are  "unable to determine the applicant's residency").  Therefore, because a person cannot be denied registration "for the failure to submit a mailing address," a student's dorm room or campus mail box number is unnecessary and further conflicts with the purpose set forth at 1 VAC 20-40-30(C): the "determin[ation] of the applicant's residency."

48.     Indeed, for universities that use centralized mail systems, a student's mail box may, in many instances, reside at a different location than the student's residence.

49.     Upon information and belief, Defendants O'Bannon, Dance, Alvis-Long, Stolle, and/or Peterson have directed, approved, condoned, or otherwise ratified Defendant Beals' efforts to disenfranchise eligible student voters.

50.     Localities across Virginia, including Defendants, following and aligning their practices with guidance from Defendant Beals, have rejected student voter registration applications for not including a dormitory name, dorm room number, campus mailing address, and/or mail box number.

**C.  Defendants' Rejections of College Students' Valid Voter Registration Applications**

51.     Since her August 18, 2025 testimony, on information and belief, Defendant Beals, with the knowledge and/or approval of the members of the State Board, has (a) disseminated guidance directing that registration applications from college students be rejected unless they provide information beyond their residential address (such as their dormitory name and room number) and/or (b) has failed to prevent local registrars from refusing to register students who fail to provide such extraneous information.

52.    Local Defendants review voter registration applications to ensure that the required information is complete.

53.    Local Defendants have rejected and continue to reject student voter registration applications for not including a dormitory name, dorm room number, or mail box number.

54.    The Fairfax County Defendants have been rejecting voter registration applications completed by George Mason University students who live on the Fairfax campus when they do not include a dormitory name, dormitory street address, and dorm room number.  This includes rejections in October 2025.  Exhibit 2.

55.    Defendant Spicer sends Voter Registration Denial Notification letters to rejected applicants, which usually indicate that they failed to "provide a valid residence address."  Exhibit 2.

56.    The Fairfax County Office of Elections sent an email to a George Mason University student that said:

> Recently you submitted an online Virginia Voter Registration Application with an invalid George Mason Residential Campus address, and therefore it has not been processed at this time.
>
> Students living on Mason's Fairfax Campus that wish to register to vote ***MUST*** provide:
>
> - ***Residential dorm/hall name, street address, AND dorm/apartment number,***
> - and an on-campus Mail-Stop Address where you receive mail.

Exhibit 2 (emphases in original).

57.    All George Mason University students who live on the Fairfax campus vote at a single polling place, which is located in Merten Hall.

58.    The City of Harrisonburg Defendants have been rejecting voter registration applications completed by James Madison University students who live on campus when they do

not include a dormitory name, dorm number, and/or mail box number. This includes numerous rejections in September and October 2025. Exhibit 3.

59.    Defendant Finks sends Voter Registration Denial Notification letters to rejected applicants, which usually indicate that they failed to "provide a valid residence address." Exhibit 3.

60.    Defendant Finks emailed a rejection notice to several James Madison University students that said:

> You are ineligible to register to vote for the following reason:
>
> **JMU students living on main campus must use the following address as their residence …**
> **800 S. Main St., JMU Box #_____, "residence hall"**
> **Harrisonburg, VA 22807**
>
> Please re-apply with the above information.

Exhibit 3 (emphasis in original).

61.    All James Madison University students who live on campus vote at a single polling place, which is located in Godwin Hall.

62.    On some occasions, the City of Harrisonburg Defendants rejected voter registration applications on residency grounds even when students provided the campus address, a dorm name, and a room number.

63.    The City of Richmond Defendants have been rejecting voter registration applications completed by Virginia Commonwealth University and University of Richmond students who live on campus when they do not include a dormitory name, dorm number, campus mailing address, and/or mail box number. This includes numerous rejections in September and October 2025. Exhibit 4.

64.    The City of Richmond Defendants reject any on-campus student voter registration

application that is missing specific campus address information.  Exhibit 4.

65.     Defendant Levine sent a rejection notice to a Virginia Commonwealth University student that said: "VCU students should provide their dorm address, including apartment or dorm number, as their residence address when registering to vote.  Since dorms do not receive mail directly, the mailing center address is used as the mailing address.  Providing both addresses helps ensure the registration is completed successfully." Exhibit 4.

66.     Defendant Levine sent another rejection notice to a VCU student that stated: "VCU students must include both their dorm address with apartment or mail box number and the VCU Mail Center address 207 N Laurel St, Richmond, VA 23220—when registering to vote.  Dorm addresses alone are not sufficient for voter registration." Exhibit 4.

67.     Defendant Levine sent a rejection notice to a University of Richmond student that said: "University of Richmond students must include both their dorm address with apartment or mail box number and the University of Richmond Mail Center address 410 Westhampton Way— when registering to vote.  Dorm addresses alone are not sufficient for voter registration." Exhibit 4.

68.     According to a college student voter guide created by the City of Richmond Office of Elections, the campus address information that a student must provide differs depending on the college they attend.  Exhibit 5.[5]

69.     According to the student voter guide, University of Richmond and Virginia Commonwealth University Students are required to provide their dormitory street address and dorm room number to avoid denial. Virginia Union University students are required to provide

---

[5] City of Richmond Office of Elections, *College Student Voter Guide*, at 3, https://www.rva.gov/sites/default/files/2024-09/College%20Student%20Voter%20Guide.pdf (last visited Oct. 30, 2025).

only their campus mailing address and dorm room number to avoid denial.  Exhibit 5.

70.     On some occasions, the City of Richmond Defendants rejected voter registration applications on residency grounds even when students provided the campus address, a dorm name, and a room number.

71.     The Chesterfield County Defendants have been rejecting voter registration applications completed by Virginia State University students who live on campus when they do not include a dormitory name and/or dorm room.

72.     The Chesterfield County Defendants have confirmed that they send rejection notices to students in this situation but they have refused to produce those notices in response to an open records request sent pursuant to the Virginia Freedom of Information Act and the public disclosure provision of the National Voter Registration Act.  Exhibit 6.

73.     Chesterfield County Defendants have produced a report indicating that numerous voter registration applications submitted by Virginia State University students residing on campus have been rejected for the generic category "missing information."   Some of these students' applications were rejected for a failure to provide a dormitory name, dorm room, or mail box number.  Exhibit 7.

74.     The City of Norfolk Defendants have been rejecting voter registration applications completed by Old Dominion University and Norfolk State University students who live on campus when they do not include a dormitory name and/or dorm room number.

75.     The City of Norfolk Defendants have confirmed that they send rejection notices to students in this situation but they have, to date, refused to produce those notices in response to an open records request sent pursuant to the Virginia Freedom of Information Act and the public disclosure provision of the National Voter Registration Act.  Exhibit 8.

76.     City of Norfolk Defendants have produced a report indicating that numerous voter registration applications submitted by Old Dominion University and Norfolk State University students residing on campus have been rejected for the generic category "missing information." Some of these students' applications were rejected for a failure to provide a dormitory name, dorm room, or mail box number.  Exhibit 9.

77.     On information and belief, the City of Hampton Defendants have been rejecting voter registration applications completed by Hampton University students who live on campus when they do not include a dormitory name, dormitory street address, and dorm room number.

78.     On information and belief, provisional ballots cast by Hampton University students residing on campus were rejected in the November 2024 general election because the students failed to provide a dormitory name, dormitory street address, or dorm room number.

79.     All Hampton University undergraduate students who live on campus vote at a single polling place, Phoebus High School, 100 Ireland St, Hampton VA 23663.

80.     Local Defendants require on-campus students to submit a new voter registration application after Local Defendants reject an application for failing to provide  the specific campus address information required by Defendants or file a petition of appeal in the local circuit court.

81.     The Voter Registration Denial Notification sent by the Fairfax County, City of Harrisonburg, and City of Richmond Defendants to rejected voters say that a voter may file a Petition for Appeal with the Clerk of Circuit, which must be accompanied by a fee.

82.     Students living on campus at George Mason University, Hampton University, James Madison University,  Old Dominion University, Norfolk State University, University of Richmond, Virginia Commonwealth University, and Virginia State University who cast provisional ballots using same day registration but do not provide the specific campus address

information mandated by Defendants will have both their voter registration applications and their provisional ballots denied in the November 2025 election and beyond.

83.     On October 27, 2025, the NAACP Virginia State Conference sent a letter to Defendant Beals and the Virginia Department of Elections.  Exhibit 10.  The letter warned that denying Virginia college students' otherwise valid voter registration applications due to a failure to provide a dorm name or room number violates federal law and the U.S. Constitution.  It requested that Virginia registrars be instructed not to reject applications solely because the aforementioned information is not included.  Thus far, there has been no response.

## COUNT I
### Violation of the First and Fourteenth Amendments - Fundamental Right to Vote
### (42 U.S.C. § 1983)
### (Against All Defendants)

84.     Plaintiffs re-allege and incorporate by reference every allegation contained in the paragraphs above as if fully set forth.

85.     42 U.S.C. § 1983 provides a cause of action, including for declaratory or injunctive relief, against "[e]very person who, under color of any statute, ordinance, regulation, custom or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ."  Defendants' acts and omissions as alleged in this Complaint, which were taken under color of law, impose a severe burden on the fundamental right to vote of student voters living on campus.

86.     The First and Fourteenth Amendments to the United States Constitution protect the right to vote as a fundamental right.  The First Amendment's guarantees of the freedoms of speech and association protect the right to vote and to participate in the political process.  The right to vote is a fundamental constitutional right also protected by both the Due Process and Equal Protection

Clauses of the Fourteenth Amendment.

87.    The First and Fourteenth Amendments require that state laws imposing burdens on the right to vote must advance relevant and legitimate state interests that are sufficiently weighty to justify the specific burden imposed. *Burdick v. Takushi*, 504 U.S. 428, 434 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983); *Crawford v. Marion Cnty. Election Bd*., 553 U.S. 181, 191 (2008) (Stevens, J., controlling op.). When an individual's right to vote is subject to "severe" restrictions, the state election law must be "narrowly drawn to advance a state interest of compelling importance." *Burdick*, 504 U.S. at 434.

88.    Defendants' unlawful on-campus student voter registration rejections impose discriminatory, arbitrary, and unjustified burdens on students living on-campus and only students living on-campus.  College students are denied access to the voter rolls and many are sent confusing, sometimes threatening notices indicating, in some instances, that they are not eligible to vote.  Other voters are disenfranchised when the provisional ballots they cast while completing otherwise valid same day voter registration applications are rejected due to a failure to provide a dormitory name, dorm room number, campus mailing address, and/or mail box number.

89.    Defendants lack any state interest in rejecting on-campus students' voter registration applications for failure to provide this information that is sufficient to justify the burden these practices impose on the right to vote.  Rejecting voter registration applications for these reasons violate state regulations.  Moreover, providing a dormitory name, dorm room number, campus mailing address, or campus mail box number is not required to determine residency.  As a result of the acts and omissions of Defendants as alleged herein, Plaintiffs have no adequate remedy under law.  Accordingly, Plaintiffs pray for relief as set forth more fully below.

**COUNT II**
***Violation of the Materiality Provision of the Civil Rights Act***
***(52 U.S.C. § 10101(A)(2)(B), 42 U.S.C. § 1983)***
**(Against All Defendants)**

90.     Plaintiffs rely upon all the paragraphs of this Complaint, which are incorporated into this Count II as if fully restated here.

91.     The Materiality Provision of the Civil Rights Act prohibits disqualifying voters "because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election."  52 U.S.C. § 10101(a)(2)(B) (formerly codified at 42 U.S.C.§ 1971).

92.     The Materiality Provision prohibits the conduct challenged here: denying voters the right to register to vote based on the failure to provide immaterial information on their voter registration form.

93.     In Virginia, state law establishes the qualifications needed to register to vote.  *See* Va. Const. art. II,§ 1.  In particular, a voter must be at least 18 years old, is a U.S. citizen, reside in Virginia and the election district where they vote, has not been declared mentally incompetent and, if previously convicted of a felony, has had their rights restored.

94.     Defendants have denied college students the right to register to vote because of the failure to include immaterial information such as their dormitory name, dorm room number, campus mailing address, and/or mail box number.  None of those pieces of information have any bearing on whether a voter meets the age, residency, or citizenship and felony restoration of rights qualifications necessary to vote under Virginia law.  *See* 52 U.S.C. § 10101(a)(2)(B).

95.     Virginia voter registration applications neither mention nor ask applicants to provide a dormitory name or room number.  Moreover, under the Virginia Administrative Code

provides that "no person shall be denied registration for failure to submit a mailing address."

96.     As a result of the acts and omissions of Defendants as alleged herein, Plaintiffs have no adequate remedy under law.  Accordingly, Plaintiffs pray for relief as set forth more fully below.

## PRAYER FOR RELIEF

97.     WHEREFORE, the Plaintiffs respectfully pray that the Court:

A.  Enter judgment in favor of Plaintiffs and against Defendants on the claims for relief as alleged in this Complaint;

B.  Declare that Defendants' rejection of voter registration applications from college students for failing to include either the dormitory/residence hall name, room number, campus mailing address, or mail box number on voter registration applications violates the fundamental right to vote under the First and Fourteenth Amendments to the United States Constitution;

C.  Declare that Defendants' rejection of voter registration applications from college students for failing to include either the dormitory/residence hall name, room number, campus mailing address, or mail box number on voter registration applications violates the Materiality Provision of the Civil Rights Act of 1964 because such information is not material in determining the voter's qualification to vote;

D.  Grant Plaintiffs preliminary or permanent injunctive relief by ordering that Defendants:

   i.  cease rejecting voter registration applications from college students due to a failure to provide a dormitory/residence hall name, room number, campus mailing address, or mail box number;

   ii.  accept otherwise valid voter registration applications from students who provide an on-campus university address unless defendants have affirmative evidence that the

student does not live on campus;

iii.  take all reasonable steps to provide notice to Virginia college and university students of the relief ordered herein, including, without limitation, individually contacting all students by phone, in-person, or through email where the applicant included a personal email address in the voter registration application, as well as through press releases to the media, and on Defendants' elections websites; and

iv.  accept otherwise valid same day voter registration applications submitted by students, and count the associated provisional ballots, if the applications include students' on-campus address, even if the dormitory name, dorm room number, campus mailing address, or mail box number is missing;

E.    Award Plaintiffs their reasonable attorneys' fees and costs pursuant to statute;

F.    Retain jurisdiction over this matter until all Defendants have complied with all orders and mandates of this Court; and

G.    Grant Plaintiffs such other and further relief as may be just and equitable.

Dated: October 31, 2025                      Respectfully submitted,

By: /s/ Ian S. Hoffman
Ian S. Hoffman (VSB 75002)
Murad S. Hussain (VSB 96830)
John A. Freedman*
Jeremy Karpatkin*
L. Charles Landgraf*
Samuel D. Kleinman*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW.
Washington, DC 20001
(202) 942-5000
murad.hussain@arnoldporter.com
ian.hoffman@arnoldporter.com
john.freedman@arnoldporter.com
jeremy.karpatkin@arnoldporter.com

charles.landgraf@arnoldporter.com
sam.kleinman@arnoldporter.com

John Powers*
Hani Mirza*
Marian Schneider*
ADVANCEMENT PROJECT
1220 L Street Northwest, Suite 850
Washington, D.C. 20005
(202) 728-9557
jpowers@advancementproject.org
hmirza@advancementproject.org
mschneider@advancementproject.org

*Pro hac vice application forthcoming